PAUL K. CHARLTON
United States Attorney
District of Arizona

Michelle R. Hamilton-Burns
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 010269
Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-05-688-1-PHX-MHM |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| Jennifer Ann Fitzsimmons, | Cooperation/Testimony Required |
| Defendant. | |

Plaintiff, United States of America, and defendant, Jennifer Ann Fitzsimmons, hereby agree to the following disposition of this matter:

**PLEA**

Defendant will plead guilty to Count One of the Indictment charging defendant with a violation of Title 18, United States Code, Section 1708, Possession of Stolen Mail, a felony offense.

**TERMS**

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

**Maximum Penalties**

A violation of Title 18, United States Code, Section 1708, is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 5 years, or both and a term of supervised release of 3 years. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the court shall:

(1)    Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the court determines that restitution would not be appropriate in this case;

(2)    Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein;

(3)    Order the defendant, pursuant to Title 18, United States Code, Section 3583, to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the court may impose a term of supervised release in all other cases.

b.    Pursuant to Title 18, United States Code, Section 3013, the court is required to impose a special assessment on the defendant of $100.00. The special assessment is due at the time the defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2.    **Cooperation Required**

The defendant will cooperate with the United States on the following terms and conditions.

a.    Defendant will waive the Fifth Amendment privilege against self-incrimination and will provide information in an interview and testify completely and truthfully at any time and any place requested by the United States, including at any state or federal grand jury proceeding, forfeiture proceeding, bond hearing, pretrial hearing, civil and criminal trial, retrial or post-trial hearing.

  b. All such information and testimony shall be truthful, honest, candid, and complete with no knowing material false statements or omissions. Such information and testimony shall include all criminal activity known to the defendant..

  c. Defendant will be available for interviews by attorneys and law enforcement officers from the government upon request and reasonable notice.

  d. Defendant will provide the United States with all documents, records, memoranda and the like, at the request of the United States, within the defendant's custody and control or to which the defendant has access which are related to the subject matter of the investigation or case.

  e. Defendant will neither attempt to protect any person or entity through false information or omissions nor falsely implicate any person or entity.

  f. Defendant will not reveal that defendant is cooperating, or any information derived therefrom, to any third party without prior consent from the United States Attorney's Office.

  g. Defendant agrees to notify the United States Attorney's Office of any contacts with any co-defendants or subjects or targets of the investigation, or their counsel, and agrees to provide prior notice of, and an opportunity for the government to be present at, any interviews between the defendant and any individual not employed by the government regarding any matter related to this case or any other investigation.

  h. In the event the defendant or the defendant's family is harassed, threatened or otherwise subjected to intimidation because of defendant's cooperation, the United States shall in its complete discretion, take appropriate action to protect defendant and the defendant's family.

  i. Nothing in this agreement requires the United States to accept any cooperation or assistance the defendant may choose to proffer. The decision whether and how to use any information and/or cooperation that defendant provides is in the exclusive reasonable discretion of this office.

  j. Defendant will not violate any local, state, federal or foreign laws.

k.    The defendant shall comply with all terms and conditions of her release.

l.    Self-incriminating information provided by the defendant during cooperation involving criminal activity for which the defendant has not been or will not be charged pursuant to this agreement will not be used against the defendant and in particular will not be used in determining defendant's advisory guideline range pursuant to Section 1B1.8 of the Sentencing Guidelines.

m.    Nothing shall limit the United States' methods of verifying the truthfulness of defendant's statements. The United States may confirm the accuracy of any information which defendant provides under the terms of this agreement by use of any investigative means which it deems appropriate and necessary. Whether there has been a complete, truthful and candid disclosure by the defendant will be evaluated and decided by the United States Attorney for the District of Arizona and by him alone.

n.    The plea of guilty shall be entered as soon as practicable.

3.    **Agreements Regarding Sentencing**

<u>Stipulated Sentence</u>  At the conclusion of defendant's cooperation, pursuant to this agreement, the United States will, at the time of sentencing, move pursuant to Title 18, United States Code, Section 3553(e), Title 28, United States Code, Section 994(n) that the court depart from the Guidelines and impose a sentence below a level established by law as the minimum sentence to reflect defendant's substantial assistance in the investigation and prosecution. Pursuant to Fed. R. Crim. P. 11(c)(1)(C) the United States and the defendant stipulate that the following is the appropriate departure: defendant will receive a sentence of probation.

If the court, after reviewing the plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement giving the defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

The United States will bring the nature and extent of defendant's cooperation to the attention of the court at sentencing and any other appropriate time. The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office

1 and to make factual and legal responses to any statements made by the defendant or defense
2 counsel or objections to the presentence report or to questions by the court at the time of
3 sentencing.

4     <u>Acceptance of Responsibility</u> Assuming the defendant makes full and complete disclo-
5 sure to the Probation Department of the circumstances surrounding the defendant's commission
6 of the offense and, if the defendant demonstrates an acceptance of responsibility for this offense
7 up to and including the time of sentencing, the United States will stipulate to a two-point
8 reduction as set forth in the advisory sentence guideline offense level, pursuant to Section 3E1.1
9 of the Guidelines.

10     <u>Criminal History Options</u> This plea agreement is expressly conditioned upon the
11 accuracy of the defendant's criminal history as known by the government at the time of the plea.
12 The discovery of any criminal history in addition to that known shall entitle the government to
13 withdraw from this agreement.

14 **4.**     **Breach of the Agreement**

15     If the defendant fails to comply with any obligation or promise pursuant to this
16 agreement, the United States:

17     (1)     may, in its sole discretion, declare any provision of this agreement null and
18 void in accordance with paragraph (6) below and the defendant understands that the defendant
19 will not be permitted to withdraw the plea of guilty made in connection with this agreement;

20     (2)     may prosecute the defendant for any offense known to the United States for
21 which the defendant is responsible, and defendant waives any statute of limitations, Speedy Trial
22 Act, and constitutional restrictions for bringing charges after the execution of this agreement;

23     (3)     may argue for a maximum statutory sentence for the offenses to which
24 defendant has pled guilty;

25     (4)     may use in any prosecution any information, statements, documents, and
26 evidence provided by defendant both before and after the plea agreement including derivative
27 evidence;

28

(5) may advise the Bureau of Prisons that defendant is no longer a cooperating witness, and recommend redesignation of defendant to a higher custodial level.

(6) If there is a dispute regarding the obligations of the parties under this agreement, the United States District Court shall determine whether the United States or the defendant has failed to comply with this agreement including whether the defendant has been truthful.

5. **Waiver of Defenses and Appeal Rights**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

6. **Perjury and Other False Statement Offenses or Other Offenses**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

7. **Reinstitution of Prosecution**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically

reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

**8.    Disclosure of Information to U.S. Probation Office**

The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department.

**9.    Forfeiture, Civil, and Administrative Proceedings**

a.    Nothing in this agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

b.    Further, this agreement does not preclude the United States from instituting any civil or administrative proceedings as may be appropriate now or in the future.

**FACTUAL BASIS**

I further admit that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On June 10, 2005, defendant was in possession of United States Mail that had been stolen from a mail box, and the defendant knew that mail had been stolen.

SOURCE: 18 U.S.C §1708; 9th Cir. Crim. Jury Instr. §8.115

Facts of Offense:

On June 10, 2005, defendant Jennifer Fitzsimmons was a passenger in a vehicle in the early morning hours in the area of Paradise Valley, Arizona. Defendant Fitzsimmons had been taking or assisting in the taking of United States Mail from mailboxes in the area and placing the mail in the vehicle. Defendant Fitzsimmons took or assisted in taking a piece of mail out of the mail receptacle of Geraldo and Rosa Meave-Flores, specifically a letter addressed to them from

1  Chubb Group of Insurance Companies, knowing that she did not have permission from Geraldo
2  and Rosa Meave-Flores to possess their mail.

3  I understand that I will have to swear under oath to the accuracy of this statement, and if
4  I should be called upon to testify about this matter in the future, any intentional material
5  inconsistencies in my testimony may subject me to additional penalties of perjury or false
6  swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

8  I have read each of the provisions of the entire plea agreement with the assistance of
9  counsel and understand its provisions.

10  I have discussed the case and my constitutional and other rights with my attorney. I
11  understand that by entering my plea of guilty I will be giving up my rights to plead not guilty,
12  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present
13  evidence in my defense, to remain silent and refuse to be a witness against myself by asserting
14  my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed
15  innocent until proven guilty beyond a reasonable doubt.

16  I agree to enter my guilty plea as indicated above on the terms and conditions set forth
17  in this agreement.

18  I have been advised by my attorney of the nature of the charges to which I am entering
19  my guilty plea. I have further been advised by my attorney of the nature and range of the
20  possible sentence and that my ultimate sentence will be determined after consideration of the
21  advisory Sentencing Guidelines.I  understand that the Guideline Range referred to herein or
22  discussed with my attorney is not binding on the court and is merely an estimate.

23  My guilty plea is not the result of force, threats, assurances or promises other than the
24  promises contained in this agreement. I agree to the provisions of this agreement as a voluntary
25  act on my part and I agree to be bound according to its provisions.

26  ]I fully understand that, if I am granted probation or placed on supervised release by the
27  court, the terms and conditions of such probation/supervised release are subject to modification

8

at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this <u>written</u> plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

9-12-05
Date

Jennifer Fitzsimmons
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I

agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9-12-05
Date

Bruce Sterling
Attorney for Defendant

### UNITED STATES' APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

PAUL K. CHARLTON
United States Attorney
District of Arizona

Date

Michelle R. Hamilton
Assistant U.S. Attorney

### COURT'S ACCEPTANCE

1-12-06
Date

United States District Judge